**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOAN WEBSTER )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>DIVERSIFIED COLLECTION SERVICES, INC. )<br>    Defendant, )<br> )<br> ) | **Civil Action No.**<br><br>**11-CV-40128** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## *I.  INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Joan Webster, an individual consumer, against Defendant, Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *II.  JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### *III. PARTIES*

3. Plaintiff, Joan Webster, is a natural person with a permanent residence in Worcester, Worcester County, Massachusetts, 01606.

4. Defendant, Diversified Collection Services, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alamenda County, California 94551.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. Upon information and belief, within one (1) year preceding the date of this complaint, Defendant has communicated with Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff in February of 2011.

9. In roughly March of 2011, Defendant, in connection with the collection of the alleged debt, by their agent who identified herself as 'Rachel Davis', stated to Plaintiff, "We can garnish your wages."

10. Upon information and belief, the alleged debt is a private loan.

11. Upon information and belief, garnishment of wages is not a proper remedy prior to securing a judgment when dealing with private loans.

12. Upon information and belief, as of the date of this complaint, roughly four (4) months since the threat of garnishment was made, Defendant has not taken any steps to institute wage garnishment against Plaintiff.

13. In roughly March of 2011, Defendant, in connection with the collection of an alleged debt, by their agent who identified herself as 'Rachel Davis', has threatened to commence litigation against Plaintiff.

14. Upon information and belief, as of the date of this complaint, roughly four (4) months since the threat of litigation was made, Defendant has not taken any final, definite action to commence litigation against Plaintiff.

15. Upon information and belief the agent who identified herself as 'Rachel Davis' is no longer employed by Defendant.

16. Upon information and belief, the statements by Defendant, were unfair and unconscionable and done so to induce payment from Plaintiff.

17. Upon information and belief, the statements by Defendant to Plaintiff were done to and with the result of harassing, oppressing and abusing Plaintiff.

18. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed.

## V. <u>CLAIM FOR RELIEF</u>

19. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

20. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

    (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

> (f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Joan Webster, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Joan Webster, demands trial by jury in this action.

        This 7th day of July, 2011.

        ATTORNEY FOR PLAINTIFF
        Joan Webster

        Respectfully submitted,
        By: /s/ Kevin J. Buckley, Jr.
        Kevin J. Buckley, Jr.
        BBO: 674594
        Consumer Rights Law Firm
        191 Merrimack Street, Suite 302
        Haverhill, Massachusetts, 01830
        Phone: (978) 212-3300
        Fax: (888) 712-4458
        attorneykevinb@consumerlawfirmcenter.com